UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NUMBERS LICENSING, LLC, a Washington limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>bVISUAL USA, INC., a Delaware corporation, bVISUAL GROUP LTD., d/b/a bVISUAL WORLD DISTRIBUTION, LTD., an Irish corporation, bVISUAL S.A., Panamanian corporation; Stephan Anthony Larson; Brian Larson, Jane Doe Larson and their marital community; Tom Borkowski, an individual; and Allan Holbrook, an individual,<br><br>    Defendants. | NO. CV-09-065-EFS<br><br>**PROTECTIVE ORDER** |

On September 24, 2009, the parties filed a Stipulation and [Proposed] Protective Order, (Ct. Rec. 132), and related Motion to Expedite. (Ct. Rec. 135.) Based upon the parties' Stipulation, the following protective order is **HEREBY ENTERED:**

ORDER * 1

1. Except as otherwise provided by this Court, this Order shall apply to all documents, interrogatories, testimony, information, and pleadings produced, given, or filed in this action that are designated by a party or non-party as "CONFIDENTIAL INFORMATION" in accordance with the terms hereof.

2. Any party, including non-parties, may designate as "CONFIDENTIAL INFORMATION" pursuant to the terms of this Order:

a. Information contained in documents, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, subpoenas, or other writings may be designated by stamping or otherwise marking (in such a manner as will not interfere with the legibility of the document) the first page of the document containing confidential information with an appropriate notation substantially in the form:

"CONFIDENTIAL INFORMATION" or "CONFIDENTIAL"

Unless a party intends to designate all of the information contained within the document as "CONFIDENTIAL INFORMATION," the party should indicate in a clear fashion that portion of the document which the party intends to designate as containing "CONFIDENTIAL INFORMATION."

b. Information contained or revealed in a deposition, whether in a question, answer or exhibit, may be designated by noting a claim of confidentiality pursuant to this Order on the record at the time of the depositions, whenever reasonably possible. The confidential

ORDER * 2

portion shall be identified as such in the caption or title of the transcript and on each page, as CONFIDENTIAL. The claimant of confidentiality or the person obligated to maintain and protect confidentiality under this Order shall, on the record, advise all persons present at the deposition that the information is confidential and is subject to a Protective Order governing its use. Before the disclosure of previously designated CONFIDENTIAL INFORMATION in a deposition, all persons who have not theretofore been made subject to this Order shall be given a copy of this Order and shall acknowledge on the record of such deposition that he or she has read the Order and agrees to be bound by its terms. When the claim of confidentiality is not made in advance of disclosure or at the time of the deposition, it may be made within a reasonable time thereafter, at which point the designated material shall be accorded confidential treatment pursuant to this Order and counsel for the party making the claim of confidentiality shall ensure that the preceding provisions of this subparagraph concerning the transcription and identification of confidential material are complied with.

    3. The following types of information, if discoverable because such information is necessary or essential to any claims or defenses in the action, shall be regarded as "CONFIDENTIAL INFORMATION":

    a. Any confidential or trade secret information relating to the design, engineering, manufacture, sales, installation, maintenance and service of the parties' equipment, systems software, source code, parts, products and services. This includes, but is not limited to,

information relating to the bVisual system and Numbers' proprietary products.

   b. Names and addresses of the parties' customers, as well as any other information about such customers, including an analysis of their buying or purchasing habits, requirements, specifications, needs, or payment methods.

   c. The proprietary business methods, plans, systems, or procedures used by the parties in the management and operation of their business, including any proprietary information, methods, systems, know-how, or trade secrets.

   d. To the extent discoverable, any document that a party, including any third party, designates as "CONFIDENTIAL INFORMATION" subject to the right of a party to challenge such CONFIDENTIAL INFORMATION designation pursuant to paragraph 10 of this Order.

   4. "CONFIDENTIAL INFORMATION" subject to this Order shall be used solely and exclusively for purposes of this case and the related State Court proceeding (*Numbers Consulting, Inc. v. bVisual USA, Inc.*, Nos. 09-2-119-9 and 09-2-60-5) in accordance with the provisions of this Order.  Such information shall not be used in or for other cases, proceedings, or disputes, or for any personal, commercial, business, competitive, or other purpose whatever.  It is the responsibility of counsel for each party to this action and the State Court proceeding to maintain materials containing CONFIDENTIAL INFORMATION obtained from a party in a secure and appropriate manner so as to allow access to

ORDER * 4

CONFIDENTIAL INFORMATION only to such persons as permitted pursuant to Paragraphs 5, 6 and 7 of this Order.

     5. Prior to filing any CONFIDENTIAL INFORMATION with the Court, the filing party shall confer with the designating party to ensure that the CONFIDENTIAL INFORMATION should be filed under seal. The designating party shall have the burden of proof regarding the confidential nature of designated documents and/or information and shall make the appropriate motion before the Court. To the extent that CONFIDENTIAL INFORMATION is permitted by the Court to be filed under seal, such materials shall be maintained by the Court in a secure, segregated facility.

     6. Except with the prior written consent of the party asserting confidential treatment or prior Order of Court, after notice as provided hereunder, any CONFIDENTIAL INFORMATION, and any information contained in, or derived from, any such information, may not be disclosed other than in accordance with this Order. There shall be two levels of CONFIDENTIAL INFORMATION hereunder:

     a. Materials designated as "CONFIDENTIAL-ATTORNEY EYES ONLY" (and any information derived, excerpted or copied therefrom) shall be disclosed only to (1) outside counsel of record and attorney(s) who are assisting with the case for the non-designating party, the attorneys employed in such counsel's firm, and office personnel of such counsel assisting in the conduct of the case; (2) experts retained to assist counsel in the preparation of the case, provided that the names and employment affiliations of the experts are provided to the disclosing

ORDER * 5

party's counsel at least ten (10) days in advance of such disclosure, so that counsel for the disclosing party may have an opportunity to object to the court prior to such disclosure, in which case such disclosure shall not occur pending resolution of the objection by the parties or the court; (3) the Court and Court Personnel under such safeguards as the Court may direct so as to preserve and protect the confidentiality of information designated by any party and to prevent harm to any party; and (4) any deposition or trial witnesses and their counsel of record, but only to the extent that such CONFIDENTIAL INFORMATION was written by or to such witness, refers to such witness or his employer, and where counsel believes in good faith that disclosure is necessary in connection with the examination or preparation of such witnesses.

    b. Materials designated as "CONFIDENTIAL" (and any information derived, excerpted or copied therefrom) shall be disclosed only to persons authorized to review documents designated as "CONFIDENTIAL-ATTORNEY EYES ONLY," and to the Parties.

CONFIDENTIAL INFORMATION AND/OR DOCUMENTS may not be used except in the preparation for trial and trial of this action (under such safeguards as the Court may require) and may not be disclosed to any other person except as provided herein.  No person receiving or reviewing such CONFIDENTIAL INFORMATION shall disclose it or its contents to any person other than those described in this paragraph and for the purposes specified and in no event shall such person make any other use of such document or transcript.

ORDER * 6

7. Any person who is given access to Confidential Information pursuant to paragraph 6 shall, prior to being given any such material, be informed of the provisions of this Order, read this Order, and execute a sworn declaration, in the form annexed hereto as Exhibit A, indicating that he or she has read this Order and will abide by its terms. The original of such sworn statements shall be retained by counsel for each party who intends to or does provide such persons any such material, until the conclusion of this action, including any appeals.

8. If a producing party desires to obtain confidentiality protections other than those provided by this Order with respect to specific information or categories of information, it shall advise the obtaining party of the protections desired and the information to which the same shall be applicable. If the parties fail to agree concerning the confidential treatment sought, after conferring in good faith with respect thereto, then the parties shall proceed in accordance with Paragraphs 9 or 10 of this Order and the subject information shall be produced in accordance with the Order of Court resulting from such procedures.

9. Any party shall be free to move to modify this Order.

10. Any party who wishes to challenge another's designation, or lack thereof, of information as "CONFIDENTIAL INFORMATION" may proceed as follows:

    a. Counsel for such parties shall confer in a good faith effort to resolve by agreement any differences as to the use or designation of information as "CONFIDENTIAL INFORMATION";

    b. Failing agreement of the parties, the objecting party may file an appropriate motion with the Court with respect to the information in question and shall:

      i) Certify that he or she has sought in good faith to confer with opposing counsel and has been unable to resolve the dispute by agreement;

      ii) Identify by category or document number the information as to which relief is sought; and

      iii) Identify the reasons why such information is or is not or should or should not be treated as CONFIDENTIAL INFORMATION pursuant to the terms of this Order.

    c. Within seven (7) business days, the moving party shall respond to the motion by:

      i) Showing with particularity with respect to each challenged item of information the reasons why such information has or has not been properly designated as "CONFIDENTIAL INFORMATION"; and

      ii) Showing why the proposed designation of the particular information might result in harm or injury to the designating

ORDER * 8

party.

        d. If a response is timely made as provided in Paragraph 10(c), until the application for modification with respect to specific "CONFIDENTIAL INFORMATION" is ruled upon by the Court, the designation of confidentiality shall be in full force and effect and the information shall continue to be accorded the treatment required by this Order.

    11. A failure to challenge the propriety of a designation of confidentiality at the time the designation is made shall not preclude or detract from a subsequent challenge thereto for the purposes of preventing further disclosure.

    12. Within thirty (30) days after the conclusion of this case, including any appellate proceedings, all confidential materials obtained (including copies thereof) shall be destroyed or returned to the producing party, at the election of the opposing party. All notes, drafts, memoranda, work papers and other materials that contain confidential information obtained from a party (whether prepared by outside counsel, in-house attorneys, or other persons specified in this Order), may be destroyed or retained by outside counsel for the obtaining party, and, if so retained, shall be preserved as confidential in accordance with the terms of this Order. Compliance with this paragraph shall be confirmed in an affidavit.

    13. The inadvertent or unintentional disclosure of confidential

ORDER * 9

information shall not be construed to be a waiver, in whole or in part, of:

    a. The supplying party's claims of confidentiality either as to the specific information disclosed or as to any other information relating thereto;

    b. The obtaining party's claims of confidentiality for its information pursuant to this Order.

14. A breach of the provisions of this Protective Order shall be subject to sanctions, in the discretion of the Court, as authorized by any statute, rule or inherent power of the Court, or as otherwise provided by law.

15. The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation.

16. The agreement of the parties embodied in this Order does not constitute an admission or agreement that any document or information is subject to discovery, or is admissible as evidence, in this case. Designation of any information as subject to this Order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of any party hereto.

17. This Court retains jurisdiction, both before and after the entry of final judgment in this case (whether by settlement or litigation), to construe, enforce and amend the provisions of this Order. The treatment of confidential information to be introduced at trial shall

ORDER * 10

be the subject of a later order.

18. This Protective Order is entirely without prejudice to the rights of any non-party to apply to the Court for any further Protective Order relating to any CONFIDENTIAL INFORMATION, or for an order permitting the disclosure of any CONFIDENTIAL INFORMATION.

19. Nothing in this Protective Order shall prevent or limit any party from using or disclosing its own CONFIDENTIAL INFORMATION for any purpose.

20. The parties' joint Motion to Expedite Hearing on Motion for Protective Order **(Ct. Rec. 135)** is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this   28th   day of September 2009.

                        s/Edward F. Shea
                        EDWARD F. SHEA
                     United States District Judge

Q:\Civil\2009\65.ProtectiveOrder.wpd

ORDER * 11